Eugene J. POST and Peggy J. POST *v.*
TENNECO OIL COMPANY and TENNECO OIL
EXPLORATION AND PRODUCTION and ARKANSAS
WESTERN GAS COMPANY

82-244                                        648 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered March 7, 1983
[Rehearing denied April 25, 1983.]

*Pryor, Robinson & Barry,* by: *Ben T. Barry,* for appellants.

*Warner & Smith,* by: *G. Alan Wooten* and Joel D. Johnson, for appellees.

JOHN I. PURTLE, Justice. The Franklin County Chancery Court held that appellants were not entitled to free gas from a gas well which was drilled in a unit which included appellants' property. The well was not located on appellants' property. It is argued on appeal that it was not necessary for the wellhead to be physically located upon appellants' lands in order for appellants to be entitled to free gas in accordance with the express terms of the lease between the parties. We agree with this contention and reverse the trial court in this respect.

In 1959 appellants leased the lands in question to Arkansas Western Gas Company. The lease was subsequently assigned to appellees, Tenneco. The lease contains a provision which reads:

> SECOND. To pay Lessor for gas from each well where gas only is found, the equal one-eighth (1/8) of the gross proceeds at the prevailing market-rate, for all gas used off the premises, said payments to be made monthly if $10.00 or more and Lessor to have gas free of cost from any such well for all stoves and inside lights in the principal dwelling house on said land during the same time by making his own connections with the well at his own risk and expense.

The foregoing clause will be referred to as the "free gas" clause. Appellants' lands, about one hundred thirty acres, were grouped with about forty other lessors' lands to form a pool for a unitized drilling operation which became known as the C. Allen unit. The wellhead itself was not located on appellants' land. Royalties are being paid to all lessors, including the appellants. Sometime in 1979 the appellants notified Tenneco Oil Company that they desired to receive "free gas" in accordance with the second clause of the lease. Appellees refused to allow appellants to have free gas for the reason that the wellhead was not on appellants' property and therefore the "free gas" clause was inoperative. Appellants filed suit to obtain free gas and for the costs of obtaining gas elsewhere since the date of their demand. The suit named Arkansas Western Gas and Tenneco. Arkansas Western Gas filed a cross-complaint seeking contribution

from Tenneco which in turn admitted it would be liable to appellants if they were to win the lawsuit. The chancellor decreed that appellants were not entitled to free gas because the well was located on property not owned by appellants.

The sole question on appeal is whether the "free gas" clause entitles appellants to gas for the principal dwelling on their property. We think appellants are entitled to have free gas for their principal dwelling provided they make the connections at their own expense and risk.

The "free gas" clause is neither defined nor qualified in the original lease. The gas produced by the well in question is gathered from under all lands within the C. Allen unit. If there is any ambiguity it is to be construed against the appellees because it was they who wrote the lease containing the "free gas" clause. In *Bodcaw Oil Co., Inc.* v. *The Atlantic Refining Co.,* 217 Ark. 50, 228 S.W.2d 626 (1950) we stated:

> Bodcaw thus invokes the familiar rules that a contract should be construed most strongly against the party preparing it and that oil and gas leases are to be construed in favor of the lessor and against the lessee. We agree with the trial court's finding that these rules are to be applied where the contract is susceptible to different interpretations, but should not be used to overturn the plain and unambiguous terms of the contract.

Both parties believe they are supported by the cases of *Bodcaw Oil Co., Inc.* v. *The Atlantic Refining Co.,* supra; and *Cranston* v. *Miller,* 208 Ark. 156, 185 S.W.2d 920 (1945). *Bodcaw* supports the appellants' theory on construction of the lease, in that it shall be construed most strongly against the party who prepared it. *Cranston* is readily distinguishable from the case before us because, although there was the same "free gas" clause, the lessee in *Cranston* produced only oil for the market. However the lease contained two other provisions which caused this court to deny the lessor free gas. First, the free gas must have been produced by a well where gas only was found and, second, the gas must have been used off the premises. Neither condition existed in the

Cranston case. Both conditions are present in the case before us. Therefore, *Cranston* is neither persuasive nor dispositive as to the issues of the present case.

In order to reach the results desired by appellees we would have to construe the "free gas" clause to apply when the well is located only on appellants' land and conversely, hold the payment of royalties clause, the first clause, to apply when the well is on lands not owned by appellants but which are in the C. Allen drilling unit. Such a strained and forced interpretation would run counter to the language of the lease. We think the contract is clear and unambiguous and appellants are entitled to a proper enforcement of the "free gas" clause because gas is being taken from under their land. We recognize that other jurisdictions have decided the matter both in accordance with our reasoning in this opinion and in an opposing manner. It is our opinion that the results reached here are sound and correct.

The case is reversed and remanded to the trial court with directions to proceed in a manner consistent with this opinion.